Eastern District,
*May* 1831

LIPPINCOTT
*vs.*
LA. INSUR. CO-

---

### LALAURIE vs. CAHALLEN.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

The debt is not novated when the vendor consents that the person proposed as endorser, may if he chose pay the price in cash.

When the last bidder does not comply with the terms of sale, the law authorizes the property to be put up again for sale; but it does not *make it the duty of the vendor to do so*, and leaves him at liberty to pursue all other legal remedies.

It is discretionary with the court to grant io the vendee a delay to comply with the conditions of the sale.

The defendant was the last and highest bidder, for a lot of

X2

ground offered by the plaintiff at auction, on a credit of six and twelve months, for a note satisfactorily endorsed.

The defendant, on the day of sale, named to the auctioneer his endorser, who was approved of by the plaintiff. The endorser, when called on, observed that he had money in his hands belonging to the defendant, and instead of endorsing would prefer paying cash. This proposition was accepted by the plaintiff, but never carried into effect; and the present suit was brought to rescind the sale. The defendant pleaded novation. There was judgment against him; from which he appealed.

*Preston*, for appellant, contended that the defendant was not put in delay, and cited the case of *Erwin* vs. *Fenwick*, 6th *Martin*, N. S. 229.

*Martin, J.* delivered the opinion of the court.

This suit is brought for the recision of the adjudication of a lot, sold by auction, at which the defendant was the last and highest bidder, on account of his neglect to comply with the terms of the sale. He pleaded a novation of the debt. There was judgment against him, and he appealed.

The testimony shows the lot was sold on a credit, the purchaser giving an approved endorser. The defendant, to whom the lot was struck, offered Ramos as his endorser, who, on being called to endorse, proposed to pay the money down, which was accepted: he, however, neglected to do so for a long time, and died.

The defendant's counsel has contended that there had been a novation of the debt: that he was not put *in mora*, relying on the case of *Erwin* vs. *Fenwick*, 6th *Martin*, N. S. 229: that the plaintiff ought to have had the lot sold a second time: that the defendant is entitled to a reasonable time to comply with the conditions of the sale; that the damages are excessive.

A debt is not novated where the vendor consents that the person proposed as indorser may, if he chose, pay the price in cash.

1st. There has been no novation. The plaintiff consent-

ing that the person proposed as endorser might, if he chose, pay the price in cash, did not discharge the principal debtor.

2d. The evidence shews a call on the defendant to comply with the conditions of the sale.

3d. The Civil Code, 2589th, authorizes the property to be put again for sale, when the last bidder does not immediately comply with the terms of the sale; but it does not make it the duty of the vender to do so, and leaves him at liberty to pursue all other legal remedies.

4th. The Parish Judge did not err, in not allowing to the defendant delay to comply with the terms of the sale. The Code does not make it an imperious duty on the court, (2540) but authorizes it. In the present case it was not asked.

5th. The damages do not appear to us excessive.

It is therefore ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed with costs in both courts.

*Eastern District*
*May 1831.*

LALAURIE
*vs.*
CAHALLEN.

Where the last bidder does not comply with the terms of sale, the law authorizes the property to be put up again for sale, but it does not make it the duty of the vendor to do so, and leaves him at liberty to pursue all other legal remedies. It is discretionary with the court to grant to the vendee a delay to comply with the conditions of the sale.